# IN THE OREGON TAX COURT

## ECUMENICAL MINISTRIES OF OREGON,
### a non-profit corporation
*v.*
## DEPARTMENT OF REVENUE
### (TC 3103)

James T. Massey, Sisters, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered October 7, 1992.

**CARL N. BYERS, Judge.**

Plaintiff is a charitable organization entitled to claim exemption from property taxes under ORS 307.130 and ORS 307.140. The evidence at trial established the following relevant facts:

On May 1, 1988, plaintiff leased real property located at 3835 Southwest Kelly Avenue in Portland. The property contains approximately 5,600 square feet, of which about 3,500 square feet is office space. The remaining areas are restrooms, hallways, conference rooms and a kitchen. Upon execution of the lease, plaintiff began moving in. Within three to four weeks, about 50 percent of the office space was filled.

The remaining 50 percent was filled sometime between August and November. Occupancy of the offices did not occur all at once due to the need to prepare the space and to coordinate the programs conducted by plaintiff. Plaintiff had to rely upon the help of volunteers to physically move into the building. Additionally, it did not want to interrupt any of its community services or programs in the process.

On May 18, 1988, plaintiff applied for property tax exemption for the property under ORS 307.112(1). That statute provides:

"(1) Real or personal property held under lease or lease-purchase agreement by an institution, organization or public body, other than the State of Oregon, granted exemption or the right to claim exemption for any of its property under ORS 307.090, 307.130, 307.140 or 307.145, is exempt from taxation if:

"(a) The property is used by the lessee in the manner, if any, required by law for the exemption of property owned or being purchased by it; and

"(b) It is expressly agreed within the lease or lease-purchase agreement that the rent payable by the institution, organization or public body has been established to reflect the savings resulting from the exemption from taxation."

A representative of the assessor's office visited the property on August 9, 1988. He asked how much of the space was occupied at that time. Plaintiff's representative told him that approximately 50 percent was occupied. The following day the assessor's office sent plaintiff a letter which states:

"This is to advise you that your organization will receive property tax exemption beginning with the tax year 1988-89 as set forth by ORS 307.112. The portion to become non-taxable is 50%.

"If you have any questions, please call 248-3349."

In response, the property owner called the assessor's office and inquired about the exemption. The property owner was told that nothing could be done and that plaintiff would have to occupy 100 percent of the property before the entire property could be exempted.

As is often the case, once plaintiff started stumbling over tax procedures, it continued to lose equilibrium until it

fell down completely. Although the assessor's letter granting 50 percent exemption also implicitly denied 50 percent, plaintiff did not appeal.[1] Worse, plaintiff did not reapply or file a new claim for 100 percent exemption as soon as the building was fully occupied. Rather, plaintiff waited until November, 1989, before it filed another claim for 100 percent exemption. Based on the date of that filing, the assessor's office determined that it was too late for the 1989-90 tax year. The assessor did approve the claim for 100 percent exemption for the 1990-91 tax year.

The first issue is whether plaintiff was excused from timely appealing the assessor's denial of 50 percent of the exemption. Plaintiff contends that the notice did not comply with the requirements of ORS 305.270(10), which requires that "[a]ll notices and determinations shall set forth rights of appeal." However, that subsection deals with notices issued in connection with a report or return "originally filed" with the Department of Revenue. The requirement does not apply to notices issued by a county assessor.

The second issue is whether plaintiff was required to make a second filing of a claim for 100 percent exemption for 1989 and later. Plaintiff contends that since the use did not change, there was no need to file a new claim for exemption.

When the assessor determined that only 50 percent of the property qualified for exemption, plaintiff was required to appeal if it did not agree. Since plaintiff did not appeal, the assessor's decision became final. Thereafter, any increase in the amount of exempt property had to be accomplished by filing a new claim. ORS 307.162(1). Since plaintiff did not file its new claim timely, the assessor was correct in continuing to grant only the 50 percent exemption for the 1989-90 tax year.

Based on the above, the court finds that defendant's Opinion and Order No. 90-0063 must be sustained. Costs to neither party.

---

[1] At trial, plaintiff submitted evidence to show that the property qualified for 100 percent exemption on July 1, 1989. While plaintiff very well could be correct, it was required to appeal the assessor's determination in order to preserve its claim.